**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DAMARIS ABIGAIL WALKER,

     Plaintiff,

v.                                        Civ. No. 15-295 KK/SCY

STATE OF NEW MEXICO *et al.*,

     Defendants.

<u>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS IN PART
AND REMANDING REMAINING STATE LAW CLAIMS**</u>

THIS MATTER is before the Court on Defendants' Motion to Dismiss (Doc. 5), filed April 20, 2015.  The Court, having reviewed the parties' submissions and the relevant law, and being otherwise fully advised, FINDS that the motion is well-taken in part, and should be GRANTED IN PART.  The Court further FINDS that Plaintiff's remaining state law claims should be REMANDED to the First Judicial District Court, County of Santa Fe, State of New Mexico.

## I.  Background and Procedural History

Plaintiff filed this action on February 2, 2014 in the First Judicial District Court.  (Doc. 1-1 at 1.)  In her complaint, Plaintiff alleges that Defendants violated her rights under the Due Process Clauses of the United States and New Mexico Constitutions, and that all of the Defendants except Defendant Cosgrove-Aguilar discriminated against her based on her race in violation of these Constitutions.  (*Id.* at 4-7.)  Plaintiff also alleges that Defendants the State of New Mexico and the Second Judicial District Court negligently hired, trained, and supervised Defendants Cosgrove-Aguilar and Sheppard.  (*Id.* at 7.)  Defendants removed the case to this

Court on April 13, 2015, on the basis of Plaintiff's federal constitutional claims.  (Doc. 1, ¶¶ 6, 7.)

The incidents forming the basis of Plaintiff's complaint arise out of a domestic relations case in the Second Judicial District Court, County of Bernalillo, State of New Mexico, namely, *Rodges v. Rodges*, D-202-DM-2006-00631, in which Plaintiff alleges she was a party.[1]  (Doc. 1-1, ¶ 8.)  Plaintiff makes the following factual allegations regarding these incidents, which the Court must accept as true for purposes of Defendants' Motion to Dismiss.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Defendant Cosgrove-Aguilar was at all relevant times a hearing officer employed by Defendant the Second Judicial District Court.  (Doc. 1-1, ¶ 5.)  She was assigned to hold a hearing on a petition for a temporary order of protection filed against Plaintiff in D-202-DM-2006-00631, which she did on February 2, 2012.  (*Id.*, ¶¶ 9, 10.)  At some point during the hearing, Defendant Cosgrove-Aguilar ordered a recess so that Defendant Sheppard, a Court Clinician also employed by Defendant the Second Judicial District Court, could evaluate the petitioner and Plaintiff.  (*Id.*, ¶¶ 6, 10.)  Defendant Sheppard limited Plaintiff to seven (7) minutes to address her concerns regarding her children, and failed or refused to review the evidence and information Plaintiff sought to present to her, because it was almost 5:00 p.m.  (*Id.*, ¶¶ 12-14.)  Defendant Sheppard did not similarly restrict the petitioner's ability to present information and evidence.  (*Id.*)

When Defendant Cosgrove-Aguilar reconvened the hearing, Defendant Sheppard testified and made recommendations to the court.  (*Id.*, ¶ 15.)  Defendant Sheppard based some of these recommendations on Plaintiff's race as an African-American.  (*Id.*)  Defendant

---

[1] According to the docket on the New Mexico Courts Case Lookup's web page at https://caselookup.nmcourts.gov/, the named parties in D-202-DM-2006-00631 were Elzree Lou Llewelly Rodges, Abigail Rodges, and the State of New Mexico Human Services Department.  It thus appears that Plaintiff, who styles herself Damaris Abigail Walker in this action, was known as Abigail Rodges at the time D-202-DM-2006-00631 was filed.

Cosgrove-Aguilar entered a temporary order of protection against Plaintiff based on facts not in evidence, and refused to allow Plaintiff to respond to Defendant Sheppard's testimony and recommendations.  (*Id.*, ¶¶ 16-18.)  Defendant Cosgrove-Aguilar found that Plaintiff had struck one of her children while drunk.  (*Id.*, ¶ 19.)  Plaintiff had evidence available to refute this contention but Defendant Cosgrove-Aguilar did not allow her to present it.  (*Id.*)  Defendant Cosgrove-Aguilar refused to allow Plaintiff "a visit on her birthday," "yelled from the bench," "stormed," and acted "intentionally and maliciously" in entering the temporary order of protection against Plaintiff.  (*Id.*, ¶¶ 19-20.)

On an unspecified date after the hearing, Second Judicial District Court Judge Alisa Hadfield removed Defendant Cosgrove-Aguilar from D-202-DM-2006-00631, and from that time forward conducted all hearings in it herself.  (*Id.*, ¶ 25.)  Judge Hadfield later lifted the temporary order of protection against Plaintiff, and allowed Plaintiff unsupervised visitation with her children.  (*Id.*, ¶ 26.)  Plaintiff alleges that, as a result of Defendants' wrongful acts set forth in her complaint, she "suffered and continues to suffer compensatory damages [sic] and emotional distress."  (*Id.*, ¶¶ 33, 40, 45, 49.)

On April 20, 2015, Defendants filed the Motion to Dismiss presently before the Court. (Doc. 5.)  In their motion, Defendants argue that all of Plaintiff's claims should be dismissed, because:  (1) Article II, Section 18 of the New Mexico Constitution does not provide a private right of action for due process violations; (2) Defendants Cosgrove-Aguilar and Sheppard "enjoy absolute judicial immunity"; and, (3) Plaintiff's claims against Defendants the State of New Mexico and the Second Judicial District Court are derivative of her claims against Defendants Cosgrove-Aguilar and Sheppard, and must also therefore fail.  (*Id.* at 3-5.)  On May 7, 2015,

Plaintiff filed a response in opposition to Defendants' motion,[2] arguing that: (1) Article II, Section 18 of the New Mexico Constitution does provide a private right of action for due process violations, and Plaintiff also asserts due process claims under the Fifth and Fourteenth Amendments to the United States Constitution; (2) Defendants Cosgrove-Aguilar and Sheppard are only judicially immune "if it is determined that [they] were acting within the scope and authority of their duties," and "no such determination" has been made; and, (3) even if Defendants Cosgrove-Aguilar and Sheppard are judicially immune, Plaintiff's claims against Defendants the State of New Mexico and the Second Judicial District Court "survive . . . under the principle of respondeat superior." (Doc. 9 at 1-3.) In their reply, Defendants contend that Defendant Cosgrove-Aguilar is judicially immune because she was acting within her jurisdiction, and Defendant Sheppard because "she was an actual functionary of the court." (Doc. 13 at 2-3.) Defendants also assert that "[a]n employer can only be vicariously liable for the actions of its employee when the employee has liability." (*Id.* at 3.)

## II. Analysis

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[F]or the purposes of a motion to dismiss [the Court] must take all of the factual allegations in the

---

[2] Defendants assert that Plaintiff's response was untimely filed. (Doc. 13 at 1-2.) Defendants are mistaken. According to the applicable Local and Federal Rules of Civil Procedure, Plaintiff had seventeen (17) days in which to respond to Defendants' motion. *See* D.N.M. LR-Civ. 7.4(a) ("A response must be served and filed within fourteen (14) calendar days after service of the motion. . . . Th[is] time period[ is] computed in accordance with Fed. R. Civ. P. 6(a) and (d)."); Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)."); Fed. R. Civ. P. 5(b)(2)(E) (providing for service "by electronic means"); (Doc. 5 at 6 (Defendants' Motion to Dismiss was served "by electronic means").) As Defendants themselves admit, Plaintiff filed her response seventeen (17) days after Defendants filed their motion. (Doc. 13 at 1-2.) Plaintiff's response was therefore timely filed.

complaint as true," although it need not accept legal conclusions.  *Id.*  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.* at 679.

A.      Absolute Quasi-Judicial Immunity Bars Plaintiff's Claims Against Defendants Cosgrove-Aguilar and Sheppard in their Individual Capacities.

The Court will first consider Defendants' argument that Defendants Cosgrove-Aguilar and Sheppard in their individual capacities are entitled to absolute quasi-judicial immunity from this lawsuit.[3]  "[J]udges are generally immune from suits for money damages."[4]  *Stein v. Disciplinary Bd. of Supreme Ct. of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008).

> It is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.  Liability to answer to every one who might feel himself aggrieved by the action of the judge, would be inconsistent with the possession of this freedom, and would destroy that independence without which no judiciary can be either respectable or useful.

*Ysais v. N.M. Judicial Standards Comm'n*, 616 F. Supp. 2d 1176, 1186 (D.N.M. 2009) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347-49 (1871)).  "There are only two exceptions to this rule:  (1) when the act is not taken in the judge's judicial capacity, and (2) when the act, though judicial in nature, is taken in the complete absence of all jurisdiction."  *Stein*, 520 F.3d at 1195 (internal quotation marks omitted).  However,

> [a] judge does not act in the clear absence of all jurisdiction even if the action he took was in error, was done maliciously, or was in excess of his authority.  Moreover, a judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors.

---

[3] In support of their argument that the individual Defendants are absolutely immune, Defendants cite to both federal and state caselaw, and ask that all of Plaintiff's claims against these Defendants be dismissed, whether brought under federal or state law.  (Doc. 5 at 4-5.)  The Court agrees that the federal and state decisions applicable to this case regarding absolute quasi-judicial immunity are in harmony, and that whether the individual Defendants are absolutely immune from Plaintiff's federal and state law claims may appropriately be decided together.

[4] Plaintiff has requested no injunctive or declaratory relief in this lawsuit.  (Doc. 1-1 at 5-8.)

5

*Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) (internal citations and quotation marks omitted).

"Over time the defense [of absolute judicial immunity] has been extended to certain others who perform functions closely associated with the judicial process." *Dahl v. Dahl*, 744 F.3d 623, 630 (10th Cir. 2014). Because "[i]mmunity is justified and defined by the functions it protects and serves, not by the person to whom it attaches," absolute judicial immunity has been extended to "non-judicial officers where their duties had an integral relationship with the judicial process." *Whitesel*, 222 F.3d at 867. The defense "is often called quasi-judicial immunity when it is applied to someone other than a judge." *Dahl*, 744 F.3d at 630.

Both the Tenth Circuit and this Court have previously held that absolute quasi-judicial immunity protects New Mexico state court domestic relations hearing officers from claims based on actions taken "in their judicial capacities within the jurisdiction of the state court." *Hennelly v. Flor de Maria Oliva*, 237 F. App'x 318, 320 (10th Cir. 2007)[5]; *Ysais*, 616 F. Supp. 2d at 1188, 1192; *see also, e.g., Morkel v. Davis*, 513 F. App'x 724, 729 (10th Cir. 2013) (state court domestic relations special master enjoyed absolute quasi-judicial immunity for "acts performed in furtherance of the judicial process"); *Babb v. Eagleton*, 614 F. Supp. 2d 1232, 1239 (N.D. Okla. 2008) (state court parenting coordinator, who resolved issues and decided disputes in child custody cases, was entitled to absolute quasi-judicial immunity). Also, the Tenth Circuit has concurred with the "widespread recognition" that "[a] guardian ad litem would be absolutely immune in exercising functions such as testifying in court . . . and making reports and recommendations to the court in which the guardian acts as an actual functionary or arm of the court, not only in status or denomination but in reality." *Dahl*, 744 F.3d at 630 (citing cases); *see*

---

[5] Unpublished decisions are not binding precedent in the Tenth Circuit, but may be cited for their persuasive value. *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

*also, e.g., Kimbrell v. Kimbrell*, 2014-NMSC-027, ¶¶ 13-15, 331 P.3d 915, 919-20 (under New Mexico law, guardians ad litem in custody disputes serve as "arm of the court" and are entitled to absolute quasi-judicial immunity).

Accepting Plaintiff's factual allegations as true, the Court finds that quasi-judicial immunity extends to Defendants Cosgrove-Aguilar and Sheppard, although they were not judges. Plaintiff alleges that Defendant Cosgrove-Aguilar acted as a "hearing officer," and Defendant Sheppard as a "Court Clinician," for the Second Judicial District Court in a domestic relations case. (Doc. 1-1 ¶¶ 5, 6, 8, 9.) The Tenth Circuit and this Court have already held that absolute quasi-judicial immunity protects the role Defendant Cosgrove-Aguilar played, because it is "functionally comparable to that of a judge." *Ysais*, 616 F. Supp. 2d at 1188, 1192; *Hennelly*, 237 F. App'x at 320. Further, Plaintiff alleges that Defendant Sheppard in her role as a Court Clinician evaluated the petitioner and Plaintiff, and made recommendations to the court by way of testimony at a hearing. (Doc. 1-1 ¶¶ 6, 10, 12-15.) In so doing, Defendant Sheppard acted as an "arm of the court," just as guardians ad litem protected by absolute quasi-judicial immunity do according to the Tenth Circuit, the New Mexico Supreme Court, and many others. *Dahl*, 744 F.3d at 630; *Kimbrell*, 2014-NMSC-027, ¶¶ 13-15, 331 P.3d at 919-20.

The Court next finds that, as a matter of law, all of the claims Plaintiff asserts against Defendants Cosgrove-Aguilar and Sheppard are based on these Defendants' judicial acts. Indeed, Plaintiff's complaint on its face unequivocally shows that the alleged wrongful acts of Defendants Cosgrove-Aguilar and Sheppard were "judicial" in nature. *See Stein*, 520 F.3d at 1192 ("Issuing a [temporary restraining order] was indisputably a judicial act; the [temporary restraining order] authoritatively adjudicated private rights."). All of these acts occurred pursuant to and in the course of a court hearing regarding the issuance of a temporary order of

protection, over which Defendant Cosgrove-Aguilar presided and at which Defendant Sheppard testified and made recommendations as an arm of the court. (Doc. 1-1 *passim*.) It is difficult to imagine acts more "judicial" in nature than these.

Finally, the Court finds that Defendants Cosgrove-Aguilar and Sheppard acted within, or at most in excess of, the jurisdiction that the Second Judicial District Court duly delegated to them, and certainly not in the complete absence of all jurisdiction. *See* N.M. Const. Art. 6 § 13 (state district courts are courts of general, original jurisdiction); *Whitesel*, 222 F.3d at 868-69 (officers acting "within the general subject matter of their jurisdiction" did not act "in clear absence of all jurisdiction"). In New Mexico, district court domestic relations hearing officers are authorized to "determine if petitioners' requests for temporary restraining orders should be granted," "conduct hearings on the merits of petitions," and "prepare recommendations to the district court regarding disposition of requests for orders of protection." *Buffington v. McGorty*, 2004-NMCA-092, ¶ 27, 96 P.3d 787, 793. Likewise, the Second Judicial District Court is authorized to "order that the parties submit to . . . court clinic services including but not limited to . . . evaluation and decision-making" in "every case involving a dispute over any child-related issue except child support." LR 2-504(B) NMRA. In addition, "[c]ourt clinic staff . . . may be called as witnesses." LR 2-504(K) NMRA.

Accepted as true, Plaintiff's factual allegations suggest that Defendants Cosgrove-Aguilar and Sheppard acted erroneously, intemperately, "intentionally," and "maliciously." (Doc. 1-1 ¶¶ 19-20.) However, a judicial officer may act "in error," "maliciously," and "in excess of [her] authority," and may commit "grave procedural errors" or even "unlawful" acts, and still receive the protections of absolute immunity. *Dahl*, 744 F.3d at 630-31; *Whitesel*, 222 F.3d at 867.

"Immunity does not protect only the innocent.  Why grant immunity to those who have no need of it?"  *Dahl*, 744 F.3d at 631.

Further, the Court

> note[s] that this is a paradigmatic case for judicial immunity in that it supports the most common justification for the doctrine:  there are effective, alternative methods of protecting litigants against judicial errors that are less detrimental to the judicial process than exposing judges to liability for civil claims. . . .  Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability.

*Whitesel*, 222 F.3d at 870.  Here, as in *Whitesel*, "the error[s] of which [Plaintiff] complains w[ere] corrected by the judicial process."  *Id.*  Specifically, and according to Plaintiff's own complaint, after the February 2, 2012 hearing at which Defendants committed the complained-of acts, Judge Hadfield removed Defendant Cosgrove-Aguilar from the case, conducted all hearings in it from that time forward, lifted the temporary order of protection against Plaintiff, and allowed Plaintiff unsupervised visitation with her children.  (Doc. 1-1, ¶¶ 25-26.)  For all of the above reasons, the Court finds that Plaintiff's complaint does not plausibly give rise to an entitlement to relief against Defendants Cosgrove-Aguilar and Sheppard, because these Defendants are entitled to absolute quasi-judicial immunity.  The Court will therefore dismiss Plaintiff's claims against Defendants Cosgrove-Aguilar and Sheppard in their individual capacities.

B.    Defendants the State of New Mexico and the Second Judicial District Court, and Defendants Cosgrove-Aguilar and Sheppard in their Official Capacities, Are Not Suable "Persons" under 42 U.S.C. § 1983.

The Court will next consider Plaintiff's clarification, in her response to Defendants' Motion to Dismiss, that she is bringing claims under the Due Process Clause, as well as claims of race discrimination under unspecified provisions, of the United States Constitution.  (Doc. 9 at

2.)  Because the Court has found that Defendants Cosgrove-Aguilar and Sheppard in their individual capacities are absolutely immune from this lawsuit, Plaintiff's federal constitutional claims remain against these Defendants in their official capacities and against Defendants the State of New Mexico and the Second Judicial District Court.  (Doc. 1-1 at 4-7.)

Section 1983 of Title 42 of the United States Code authorizes civil suits for money damages to redress deprivations of federal constitutional rights "by persons acting under color of any state statute, ordinance, regulation, custom, or usage." *Hafer v. Melo*, 502 U.S. 21, 27 (1991).  However, states, state agencies, and state officials in their official capacities cannot be sued for monetary relief under Section 1983. *Id.* at 25-26; *Will v. Michigan Dep't of St. Police*, 491 U.S. 58, 70-71 (1989).  This is because "[n]either the state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes, nor a state official who acts in his or her official capacity, is a 'person' within the meaning of § 1983." *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995), *superseded by statute on other grounds as stated in Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011).  In analyzing whether a governmental entity is an "arm of the state for Eleventh Amendment purposes," courts consider primarily whether the state would be "legally obligated to pay the judgment" sought against the entity, and also "other factors," including "local versus state control" of the entity, "the characterization and definition of the entity in its enabling and implementing legislation," "the functions of the entity," and "the fiscal independence of the entity." *Duke v. Grady Mun. Schs.*, 127 F.3d 972, 978, 981 (10th Cir. 1997).

In the present matter, Plaintiff cannot assert federal constitutional claims for money damages against Defendant the State of New Mexico, which is manifestly not a suable "person" under Section 1983. *Harris*, 51 F.3d at 905-06.  Moreover, the Court finds that Defendant the Second Judicial District Court is likewise not a suable "person" under Section 1983, because it is

"an arm of the state for Eleventh Amendment purposes." *Id.* "As a general matter, state courts are considered arms of the state." *Large v. Beckham Cnty. Dist. Ct.*, 2014 WL 235477, at *3 (W.D. Okla. 2014) (quoting 13 Charles A. Wright *et al.*, *Federal Practice & Procedure* § 3524.2, at 324-25 (3d ed. 2008)); *see, e.g.*, *Lewis v. Mikesic*, 195 F. App'x 709, 710 (10th Cir. 2006) (Kansas probate judge in his official capacity is not a "person[] against whom a claim for damages can be brought pursuant to § 1983"); *Callahan v. City of Philadelphia*, 207 F.3d 668, 674 (3d Cir. 2000) ("[T]he district courts repeatedly have held that all components of the judicial branch of the Pennsylvania government are state entities and thus are not persons for section 1983 purposes."); *Harris*, 51 F.3d at 905-06 ("[T]his and other circuit courts have held that a state court is not a 'person' under § 1983."); *Coopersmith v. Supreme Ct., St. of Colo.*, 465 F.2d 993, 994 (10th Cir. 1972) (Colorado Supreme Court, Colorado Court of Appeals, and Grand County, Colorado District Court "are not 'persons'" as contemplated in 42 U.S.C. §§ 1983, 1985, and 1986); *Heffington v. Dist. Ct. of Sedgwick Cnty.*, 2005 WL 1421530, at *5 (D. Kan. 2005) (Sedgwick County, Kansas District Court is not a person under Section 1983).

In addition, this Court has on more than one occasion held that New Mexico's state district courts are "arms of the state" for Eleventh Amendment purposes. *See, e.g.*, *Ysais*, 616 F. Supp. 2d at 1191 ("[S]tate district courts are divisions of the judicial branch of the State . . . and, therefore, the Eleventh Amendment bars any claims for damages brought in federal court against the state courts."); *Romanik v. First Judicial Dist. Ct.*, Civ. No. 11-138 JP/WDS, Mem. Op. & Order at 2 (D.N.M. filed Feb. 18, 2011) (First Judicial District Court is "arm of the state"); *Diaz v. Second Judicial Dist. Ct.*, Civ. No. 00-577 JC/RLP, Mem. Op. & Order at 2-3 (D.N.M. filed Dec. 7, 2000) (Second Judicial District Court is "arm of the state"); *see also Saavedra v. Griego*, Civ. No. 08-240 WJ/LFG, Mem. Op. & Order at 4-5 (D.N.M. filed Feb. 19, 2009) (Bernalillo

County Metropolitan Court is "arm of the state").  New Mexico law establishing and governing the state's district courts amply supports these rulings.  The New Mexico Constitution vests the district courts with "[t]he judicial power of the state."  N.M. Const. Art. 6 § 1.  The state constitution confers on the district courts "original jurisdiction in all matters and causes not excepted in this constitution," as well as "appellate jurisdiction of all cases originating in inferior courts . . . in their respective districts," and "supervisory control over the same."  N.M. Const. Art. 6 § 13.  State statutes govern the financial management of the district courts, dictating their judges' salaries, N.M. Stat. Ann. § 34-1-9(B)(2), (D)(2), the disposition of the fines, fees, costs, and other monies they collect, N.M. Stat. Ann. § 34-6-37, and the payment of their expenses. N.M. Stat. Ann. § 34-6-35.  "All money for the operation and maintenance of the district courts . . . shall be paid by the state treasurer . . . in accordance with budgets approved by the administrative office of the courts and the state budget division of the department of finance and administration."  N.M. Stat. Ann. § 34-6-35(A).  Finally, state law explicitly provides that "[t]he district courts are agencies of the judicial department of the state government."  N.M. Stat. Ann. § 34-6-21.  Considering the factors set forth in *Duke*, 127 F.3d at 978, 981, in light of these provisions, it is abundantly clear that the New Mexico state district courts are "arms of the state" for Eleventh Amendment purposes.

Because Defendant the Second Judicial District Court is an "arm of the state," it is not a "person" under Section 1983, and Plaintiff cannot assert federal constitutional claims for money damages against it.  *Harris*, 51 F.3d at 905-06.  Likewise, because Plaintiff's claims against Defendants Cosgrove-Aguilar and Sheppard in their official capacities are simply "another way of pleading an action against [the] entity of which [they are] agent[s]," *Hafer*, 502 U.S. at 25, *i.e.*, the Second Judicial District Court, Plaintiff cannot assert federal constitutional claims for

money damages against them, either.  *Harris*, 51 F.3d at 905-06.  The Court will therefore dismiss Plaintiff's federal constitutional claims under 42 U.S.C. § 1983 against Defendants the State of New Mexico and the Second Judicial District Court, and against Defendants Cosgrove-Aguilar and Sheppard in their official capacities.

C.     The Court Declines to Exercise Supplemental Jurisdiction over Plaintiff's Remaining State Law Claims.

       Finally, the Court will consider whether to exercise supplemental jurisdiction over Plaintiff's remaining claims, *i.e.*, Plaintiff's state constitutional and tort claims against Defendants the State of New Mexico and the Second Judicial District Court, and against Defendants Cosgrove-Aguilar and Sheppard in their official capacities.  (Doc. 1-1 at 4-7.)  Under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction over state law claims once "all claims over which it ha[d] original jurisdiction" have been dismissed. "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."  *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011).  "[N]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."  *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1185 (D.N.M. 2014).

       Having determined that Defendants are entitled to the dismissal of all of Plaintiff's federal claims, the Court is left only with claims under state constitutional and tort law.  Whether to exercise supplemental jurisdiction over these claims is a matter entrusted solely to this Court's discretion, *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir. 2004), and the Tenth Circuit has indicated that the Court "usually should" decline to exercise such jurisdiction.  *Koch*, 660 F.3d at 1248.  Thus, and as a matter of comity, to promote justice, and to allow New Mexico's state courts to decide the remaining questions of state law

13

that the parties have raised, the Court in its discretion will decline to exercise supplemental jurisdiction over Plaintiff's extant state law claims.

### III.  Conclusion

IT IS THEREFORE ORDERED as follows:

1.      Plaintiff's claims against Defendants Cosgrove-Aguilar and Sheppard in their individual capacities are DISMISSED WITH PREJUDICE because absolute quasi-judicial immunity bars these claims;

2.      Plaintiff's federal constitutional claims against Defendants the State of New Mexico, and the Second Judicial District Court, and against Defendants Cosgrove-Aguilar and Sheppard in their official capacities, are DISMISSED WITH PREJUDICE because these Defendants are not suable "persons" within the meaning of 42 U.S.C. § 1983; and,

3.      The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims against Defendants the State of New Mexico and the Second Judicial District Court, and against Defendants Cosgrove-Aguilar and Sheppard in their official capacities, which claims are hereby REMANDED to the First Judicial District Court, County of Santa Fe, State of New Mexico.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent